UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MANUEL RAMIEREZ,

          Plaintiff,

  v.

STATE OF WASHINGTON, et al.,

          Defendants.

Case No. C23-0266-RAJ-SKV

REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiff Manuel Ramirez is a pre-trial detainee proceeding pro se and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Dkt. 6. Plaintiff is presently confined at the Maleng Regional Justice Center in Kent, Washington, where he has been awaiting trial on protection order violations since August 19, 2022.[1] *See id.* Review of state court records shows that trial for the underlying criminal matter is set for March 16, 2023. *See State v. Ramirez*, No. 22-1-04835-9 and No. 22-1-04709-3 (King Cnty. Super. Ct., filed Aug. 23, 2022), *docket available at* https://dja-prd-ecexap1.kingcounty.gov (last accessed Mar. 3, 2023). In the current matter,

---

[1] The Court takes judicial notice of the King County Superior Court docket for cause numbers 22-1-04835-9 KNT and 22-1-04709-3 KNT. *See, e.g.*, *Lee v. City of L.A.*, 250 F.3d 688, 689 (9th Cir. 2001); Fed. R. Evid. 201.

REPORT AND RECOMMENDATION - 1

Plaintiff alleges violation of his speedy trial rights, double jeopardy, and malicious prosecution. Dkt. 6 at 4-5. He names as Defendants the State of Washington ("presumed to be the [King County Superior] Court") and two unknown individuals described as "witness[es] and court workers and officers for [the] state [sic]." *Id.* at 3-4. As relief, he asks the Court to enjoin the state court in the underlying criminal proceedings and reimbursement for future court costs. *Id*. at 6.

The Court has reviewed and considered Plaintiff's proposed complaint. For the reasons set forth below, the Court recommends that this case be DISMISSED.

## DISCUSSION

Generally, federal courts will not intervene in pending state court proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). "*Younger* abstention requires federal courts to abstain from hearing claims for equitable relief as long as the state proceedings are ongoing, implicate important state interests, and provide an adequate opportunity to raise federal questions." *Buckwalter v. Nev. Bd. Of Med. Exam'rs*, 678 F.3d 737, 747 (9th Cir. 2012); *see also San Jose Silicon Valley Chamber of Com. Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (fourth *Younger* factor considers whether "the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.")

All *Younger* criteria are satisfied here. As stated by Plaintiff and as is apparent from the public record, he is presently the defendant in ongoing state criminal proceedings. *See State v. Ramirez*, No. 22-1-04835-9 and No. 22-1-04709-3 (King Cnty. Super. Ct., filed Aug. 23, 2022). In the current action, Plaintiff asks the Court to dismiss his state criminal cases. Dkt. 6 at 6.

Plaintiff's civil rights action is therefore precisely the kind of federal interference with state criminal proceedings that the *Younger* abstention doctrine seeks to prevent. Abstention is warranted here because (1) state-initiated criminal proceedings are ongoing, (2) the proceedings involve important state interests, (3) Plaintiff is not barred from litigating federal constitutional issues in the state proceedings, and (4) the federal action would enjoin the state proceedings. *See San Jose Silicon Valley*, 546 F.3d at 1092. Although an exception to *Younger* applies if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate," *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982), Plaintiff fails to make a plausible allegation that extraordinary circumstances justify circumventing a straightforward application of *Younger*. This matter should therefore be dismissed.[2]

## CONCLUSION

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Because Plaintiff has an ongoing state criminal case requiring the Court to abstain pursuant to *Younger*, the Court

---

[2] Because Plaintiff's claims are not cognizable for the reason stated above, the Court declines to discuss other issues with the proposed complaint, such as the fact that Plaintiff fails to name a proper defendant. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (the State of Washington is not a "person" amenable to suit under § 1983). The Court also notes that, if Plaintiff's state criminal case results in a conviction, this action would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint *must* be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.")

recommends this § 1983 action be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 31, 2023**.

Dated this 7th day of March, 2023.

S. KATE VAUGHAN
United States Magistrate Judge