HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MANUEL RAMIREZ,<br><br>               Plaintiff,<br><br>        v.<br><br>STATE OF WASHINGTON, et al.,<br><br>               Defendants. | CASE NO. 2:23-cv-00266-RAJ<br><br>**ORDER** |

THIS MATTER is before the Court on several motions to Vacate Judgment filed by *pro se* prisoner plaintiff Manuel Ramirez ("plaintiff"). Dkt. ## 18, 19, 21. In March 2023, plaintiff, then a pre-trial detainee confined at the Maleng Regional Justice Center in Kent,

ORDER- 1

Washington, filed a 42 U.S.C. § 1983 civil rights action against the state. Dkt. # 6. At the time, plaintiff had been awaiting trial on protection order violations since August 2022.[1]

The King County Superior Court docket reflects that judgment was entered against plaintiff on May 5, 2023. *State v. Ramirez*, No. 22-1-04709-3 KNT and No. 22-1-04835-9 KNT (King Cnty. Sup. Ct., filed July 7, 2022 and Aug. 23, 2022, respectively), *docket available at* https://dja-prd-ecexap1.kingcounty.gov (last accessed Sept. 13, 2024). In the instant case, plaintiff alleged (1) violation of his speedy trial rights, (2) double jeopardy, and (3) malicious prosecution. Dkt. # 6, pp. 4-5. He asked this Court to enjoin the state court in the underlying criminal proceedings and for reimbursement for future court costs. *Id*.

On May 2, 2023, the Court entered an order adopting the Report and Recommendation of the Honorable S. Kate Vaughan and dismissed the matter without prejudice. Dkt. # 14. Because plaintiff had pending state criminal proceedings, this Court found that abstention was warranted, as these proceedings met the requisite criteria for abstention prescribed by the Supreme Court and further elucidated by the Ninth Circuit. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Buckwalter v. Nev. Board of Med. Exam'rs*, 678 F.3d 737, 747 (9th Cir. 2012) ("*Younger* abstention requires federal courts to abstain from hearing claims for equitable relief as long as the state proceedings are ongoing, implicate important state interests, and provide an adequate opportunity to raise federal questions.") (internal citations omitted).

Further, plaintiff made no allegations of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty.*

---

[1] As did the magistrate judge when issuing her Report and Recommendation, this Court takes judicial notice of the King County Superior Court docket for cause numbers 22-1-04709-3 KNT and 22-1-04835-9 KNT. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record") (internal citations and quotation marks omitted)

ORDER- 2

*Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).  The court entered judgment against plaintiff on May 2, 2023.  Dkt. # 15.

Plaintiff's most recent motions, while framed as a motion to vacate the previous judgment, motion to seal, and motion to expunge his record, instead state that he is subject to new state criminal charges for which he entered into a plea deal.  Dkt. # 18, p. 1.[2]  He asks this Court to "get this case [ready] for trial" and "vacate the last judgment." *Id*.  His subsequent motions request that the Court expunge his state court record. Dkt. ## 19, 21.  Here, plaintiff provides no basis to vacate the Court's prior judgment.  Moreover, plaintiff fails to offer any grounds for expungement by the Court.  "There are two sources of authority by which [federal] courts may expunge records of criminal conviction: statutory authority and inherent authority.  By statute, Congress has set the conditions by which the courts may expunge records of federal convictions in particular cases." *United States v. Le*, No. CR06-0319JLR, 2022 WL 1061926, at *1 (W.D. Wash. Apr. 8, 2022) (citing *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004)) (internal quotation marks omitted).

The Court is unaware of, and plaintiff fails to point to, any statutory authority providing for expungement of his King County Superior Court record by this Court.  Additionally, this Court lacks the inherent authority to expunge his record.  *See United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000) ("district courts possess ancillary jurisdiction to expunge criminal records.  That jurisdiction flows out of the congressional grant of jurisdiction to hear cases involving *offenses against the United States* pursuant to

---

[2] Plaintiff is likely referencing cause number 24-1-04031-1 KNT, which was filed on March 29, 2024, in King County Superior Court.  *State v. Ramirez*, No. 24-1-04031-1 KNT (King Cnty. Sup. Ct., filed Mar. 29, 2024), *docket available at* https://dja-prd-ecexap1.kingcounty.gov (last accessed Sept. 16, 2024).  In that matter, plaintiff pleaded guilty to protective order violations on July 24, 2024.  *Id.*

18 U.S.C. § 3231.") (emphasis added).  The United States is not a party to any action involving plaintiff.

Accordingly, plaintiff's motions to vacate judgment are **DENIED**.  Dkt. ## 18, 19, 21.

Dated this 18th day of September, 2024.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER- 4